MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JAMES BRADLEY NOBLE,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

No. MJ26-388

RESPONSE IN OPPOSITION TO THE
GOVERNMENT'S MOTION FOR
DETENTION

James Noble, through Nicholas Hathaway and Colleen Fitzharris, respectfully requests that this Court order his release from custody pursuant to the Bail Reform Act (BRA) and the Fifth Amendment's Due Process Clause.

## I.    THE BRA WEIGHS IN FAVOR OF RELEASE.

In the American criminal system, "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Even where a personal recognizance bond is not sufficient to reasonably assure a person's appearance or the safety of the community, the BRA mandates pretrial release "unless the court finds that *no* condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (internal citations omitted) (emphasis added). Any doubts the Court has "regarding the propriety of release should be resolved in favor of the defendant." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

RESPONSE IN OPPOSITION TO THE
GOVERNMENT'S MOTION FOR DETENTION
(*United States v. Noble*, No. MJ26-388) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

When a court assesses whether the government has met its burden in proving that no conditions of release would "reasonably assure" a person's appearance and the future safety of a specific person or the community, it must consider: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). The phrase "reasonably assure" is not synonymous with "guarantee[ing]" a defendant's appearance or the safety of the community. *See, e.g., Hir*, 517 F.3d at 1092 n.9 ("Requiring that release conditions guarantee the community's safety would fly in the teeth of Congress' clear intent that only a limited number of defendants be subject to pretrial detention.") (internal citation omitted).

Finally, the Court is somewhat restricted in how it can use information about a person when deciding whether the government has met is burden to show that no conditions would mitigate any risk of release. First, the weight of the evidence must be given the least significance, *Motamedi*, 767 F.2d at 1408; and second, a court cannot detain a person "based on evidence that he has been a danger in the past[.]" *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Past dangerous conduct proffered in favor of detention is relevant only to the extent that the government can prove—by clear and convincing evidence—that the defendant is "*likely to continue to engage in criminal conduct undeterred [ ] by . . . release conditions.*" *Id.* (emphasis added). Thus, even when a defendant is charged with a serious crime *and* has a significant criminal history, there are often release conditions that will reasonably ensure the safety of the community or individuals against any future dangerous conduct.

RESPONSE IN OPPOSITION TO THE
GOVERNMENT'S MOTION FOR DETENTION
(*United States v. Noble*, No. MJ26-388) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

**II.    IN THIS CASE, THE GOVERNMENT HAS NOT MET ITS BURDEN OF PROVING THAT THERE ARE NO CONDITIONS OF RELEASE WHICH WOULD REASONABLY ENSURE MR. NOBLE'S APPEARANCE OR THE SAFETY OF ANY OTHER PERSON.**

Mr. Noble must be released immediately because evidence does not show that no conditions will reasonably ensure his appearance and protect the community. Indeed, all the 18 U.S.C. § 3142(g) factors support Mr. Noble's release.

First, the offense cited in the complaint, 49 U.S.C. § 46504, is not a crime of violence, as the Government admits in its detention motion. And while the allegations allege touching a flight attendant among other conduct, *Dominguez* shows that without more evidence a defendant would commit any offense in the future, past dangerousness cannot be sufficient to detain Mr. Noble. 783 F.2d at 707.

Second, whatever the weight of the evidence, it cannot overcome Mr. Noble's significant positive character, as described in the enclosed exhibits.

Third, outside these allegations, the available evidence shows that Mr. Noble is a man of high character with a strong and dedicated family, deep roots in his community, and no history of behaving in the manner described in the Complaint. As the letters of support show, Mr. Noble is a kind, caring, and thoughtful person. *See generally* Exhibit 1. His family and friends recount him as generous, willing to sacrifice to care for others, and someone who has always been an inspiration and role model for others. *Id*. Mr. Noble has a large, closeknit, and caring family, who will stand behind him throughout the pendency of this case. The Pretrial Services report indicates Mr. Noble has deep ties to his home community, owning both property and a business, as well as living near his extensive family. That report also did not reveal any criminal history, and consequently did not reveal any failures to appear. There is also no allegation Mr. Noble has a history of alcohol abuse.

Mr. Noble also has a concrete release plan. Mr. Terry Noble, Mr. Noble's father, has traveled from Belfast, United Kingdom, to rent an AirBnB and reside there with a

RESPONSE IN OPPOSITION TO THE
GOVERNMENT'S MOTION FOR DETENTION
(*United States v. Noble*, No. MJ26-388) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

family member for the pendency of this case. Exhibit 2. Mr. Noble's family has the financial means to retain that rental until the case is resolved.

Finally, Mr. Noble has not presented a risk of future danger to a person or the community. Exhibit 1 shows that Mr. Noble consistently acts with care towards those around him. There is no evidence he has ever done anything like this in the past, and a bare allegation that he committed the offenses is insufficient to show he would do so again in the future.

**III.   THERE ARE CONDITIONS THIS COURT CAN IMPOSE TO REASONABLY ENSURE MR. NOBLE'S APPEARANCE AND THE SAFETY OF THE COMMUNITY.**

The government cannot prove by clear and convincing evidence that there are *no* release conditions that will reasonably ensure Mr. Noble's appearance and the safety of the community, and thus Mr. Noble should not be detained.

The following conditions of release under § 3142(c)(1)(B), and any other conditions the Court deems necessary, will reasonably ensure Mr. Noble's appearance in court and the safety of the community:

(1)   Limit Mr. Noble's travel to the Western District of Washington.

(2)   Surrender any passports or travel documents to Pretrial Services.

(3)   Avoid "all contact with any alleged victim of the crime and with any potential witness who may testify concerning the offense."

(4)   Report on a "regular basis" to Pretrial Services.

If the Court believes it necessary, location monitoring is available.

//

//

RESPONSE IN OPPOSITION TO THE
GOVERNMENT'S MOTION FOR DETENTION
(*United States v. Noble*, No. MJ26-388) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

## IV.     CONCLUSION

Mr. Noble should be released immediately because there are conditions that will reasonably ensure his appearance as required and the safety of the community.

DATED this 29th day of June 2026.

Respectfully submitted,

s/ *Nicholas Hathaway*
s/ *Colleen Fitzharris*
Assistant Federal Public Defenders
Attorneys for James Bradley Noble

I certify this response contains 1108 words in compliance with the Local Criminal Rules.

RESPONSE IN OPPOSITION TO THE
GOVERNMENT'S MOTION FOR DETENTION
(*United States v. Noble*, No. MJ26-388) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**